IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLAKE ALLEN LONG-ROCKEY, §<br>　#50524-177, §<br>　　　　MOVANT, §<br> §<br>V. §<br> §<br>UNITED STATES OF AMERICA, §<br>　　　　RESPONDENT. § | | CASE NO. 3:17-CV-853-B-BK<br>(CRIMINAL NO. 3:14-CR-367-B-64) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, Movant Blake Allen Long-Rockey's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including findings and a recommended disposition. As detailed herein, the motion should be **DENIED**.

**I.    BACKGROUND**

In 2015, Long-Rockey pled guilty to possessing with intent to distribute a controlled substance and, on May 20, 2016, was sentenced under the Sentencing Guidelines career offender provisions to 151 months' imprisonment and a three-year term of supervised release. Crim. Doc. 2388. He did not appeal, but subsequently filed the instant, timely, *pro se* Section 2255 motion on March 24, 2017. Doc. 2. Long-Rockey asserts that his sentence is no longer valid in light of the holdings in *Mathis v. United States,* ___ U.S. ___, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley* , 848 F.3d 347 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017), because his prior Texas drug convictions no

longer qualify as controlled substance offenses for purposes of career offender enhancement under U.S.S.G. §§ 4B1.1 and 4B1.2. Doc. 2 at 4; Doc. 3 at 1-4. Long-Rockey also contends that his counsel was constitutionally ineffective for failing to raise this claim at sentencing or on appeal. Doc. 2 at 5. The Government filed a response in opposition. Doc. 9. Long-Rockey did not file a reply. The Court now concludes that Long-Rockey is not entitled to relief.

## II.     ANALYSIS

Shortly after Long-Rockey's conviction became final, the United States Supreme Court decided *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2253 (2016), which clarified when courts may use the modified categorical approach to narrow a statute to determine if it qualifies as a certain type of offense under federal criminal and immigration laws. Relying on *Mathis*, the United States Court of Appeals for the Fifth Circuit subsequently held that the Texas crimes of delivery of a controlled substance and possession with intent to deliver a controlled substance are not controlled substance offenses within the meaning of U.S.S.G. § 4B1.1. *United States v. Hinkle*, 832 F.3d 569, 571 (5th Cir. 2016); *United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir.), *supplemented by*, 854 F.3d 284 (5th Cir. 2017) (overturning *United States v. Ford*, 509 F.3d 714 (5th Cir. 2007)).

Unlike *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015), however, *Mathis* did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam). Indeed, the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent. 136 S. Ct. at 2257; *see also Teague v. Lane*, 489 U.S. 288, 301 (1989) ("a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final"). Moreover, neither

*Hinkle* nor *Tanksley* is a decision of the Supreme Court that is "substantive [and thus] has retroactive effect under *Teague* in cases on collateral review." *Welch v. United States*, — U.S. —, 136 S. Ct. 1257, 1265 (2016).

At bottom, Long-Rockey's claim is a mere challenge of guideline calculations and is not cognizable on Section 2255 review. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of sentencing guidelines does not give rise to a constitutional issue cognizable under Section 2255); *Rios v. United States*, No. 3:16-CV-2939-K, 2018 WL 6329696, at *2 (N.D. Tex. Dec. 3, 2018) (Kinkeade, J.) (rejecting *Mathis-Hinkle-Tanksley* challenge as not cognizable on collateral review); *see also Beckles v. United States*, — U.S. —, 137 S. Ct. 886, 892 (2017) ("the Guidelines are not subject to a vagueness challenge under the Due Process Clause").

Because Long-Rockey's challenge to the calculation of his sentence fails, his ineffective assistance of counsel claim premised on the same theory—to-wit: counsel's failure to anticipate changes in the law that resulted from the Supreme Court's *Mathis* decision, including the overturning of *United States v. Ford*—also fails on the merits. *See United States v. Woods*, 714 F. App'x 455, 456 (5th Cir. 2018) (per curiam) (rejecting ineffectiveness claim premised on *Mathis*, *Hinkle*, and *Tanksley*, as those cases were decided long after movant was sentenced); *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) ("there is no general duty on the part of defense counsel to anticipate changes in the law" (cited cases omitted)).

### III.  CONCLUSION

For the foregoing reasons, Long-Rockey' Section 2255 Motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on April 2, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).